Irving P. 'Kartell, J.
This proceeding was instituted by the landlord to evict the tenant from a store premises pursuant to the provisions of subdivision (gg) of section 8 of the Business Bent Law (L. 1945, ch. 314, as amd. by L. 1956, ch. 735).
The agreed state of facts indicated that on or about April 2, 1958, the landlord offered to enter into a lease with the tenant for a term to commence on the first day of the month next succeeding the 20th day after the mailing of such offer, said lease to expire on June 30, 1958 upon substantially the same terms of the tenancy as existed at that time.
The tenant raises questions as to the constitutionality of the section on various grounds and as to compliance with the requirements of the section by the landlord. The constitutionality of the emergency rent laws as a whole have been sustained by the courts on numerous occasions. Insofar as the particular section involved herein is concerned, the court feels that it adequately provides a procedure by the Legislature leading towards an orderly termination of the rent control laws. The court feels that in the enactment of the emergency rent laws, the Legislature legislated provisions restricting the vested and contractual rights of landlords in the use of their property. Such an invasion of the vested rights of property owners is a justified use of the police power of the Legislature for the benefit, safety and general interests of the public in a, time of emergency. Insofar as the tenants are concerned, the rent laws merely provided a statutory protected privilege for the tenants to remain in the premises under the protection of the provisions of the aforesaid emergency rent laws. No vested rights were given to or created for the benefit of tenants, "When the Legislature thereafter, in its discretion found an easing in the emergency situation and restored some of the vested rights to the landlord through the enactment of the section in question, the tenant cannot justifiably complain that he is being deprived of any rights, since in the first instance, when the emergency rent laws were passed, he was given special privileges only and not vested rights. When subdivision (gg) of section 8 was enacted by chapter 735 of the Laws of 1956, the tenant did, in *868 fact, then receive notice that the special privilege heretofore given to him could, within the terms of the section, he terminated under certain conditions. He therefore had a full period of over two years advance notice.
The tenant’s contentions that the landlord did not comply with the requirements of the statute are without merit. The landlord having complied with the requirements of the section involved, the tenant cannot now be heard to complain that the special statutory privilege heretofore given to him has now been found to be no longer necessary by the Legislature, in the exercise of its police powers.
Final order for the landlord, issuance of the warrant stayed until July 12, 1959 provided the tenant shall continue to pay the sum of $400 per month for the reasonable use and occupation of the premises, and further, provided that all arrears, if any, shall be paid by the tenant to the landlord within five days from the date of the serving of a copy of this order with notice of entry upon the attorney for the tenant.